**15SL-CC02097**

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| RICHARD DALEEN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Division No. |
| | ) | |
| CITY OF BERKELEY | ) | |
| Serve: | ) | |
| | ) | **Jury Trial Requested** |
| City Clerk | ) | |
| City of Berkeley | ) | |
| 8425 Airport Rd | ) | |
| Berkeley, MO 63134 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff Richard Daleen, by and through his undersigned counsel, and for his cause of action against Defendant the City of Berkeley ("City"), and states to the Court as follows:

## COMMON TO ALL COUNTS

1.    Plaintiff is, and at all times pertinent hereto was a resident of St. Charles County, Missouri.

2.    Berkeley is a city located in St. Louis County, Missouri.

3.    The City of Berkeley Police Department is a political subdivision of the City.

4.    The Court has jurisdiction over this action because the parties acts and/or omissions by Defendant giving rise to Plaintiff's causes of action in this Petition occurred in St. Louis County, Missouri.

1



Defendant
Exhibit
C

Electronically Filed - St. Louis County - June 19, 2015 - 03:20 PM

5.      Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010 because all acts alleged occurred in St. Louis County and Defendant is a city located in St. Louis County.

## BACKGROUND

6.      Plaintiff realleges and incorporates Paragraphs 1 through 4 by reference as if fully set forth herein.

7.      Plaintiff began his employment with the City as a Police Officer on May 28, 2008.

8.      The City's Mayor, Chief of Police and second in command at the Police Department are African American. The Police Department is predominantly African American.

9.      Plaintiff is Caucasian.

10.     On January 31, 2014, Plaintiff slipped and fell on ice, injuring his right ankle and knee.

11.     On February 3, 2014, Plaintiff contacted the City Police Department and informed them of his injury.  Plaintiff was immediately placed on sick leave.

12.     Plaintiff was initially treated at Progress West Hospital and followed up with Orthopedist Dr. John Powell On February 4, 2014.

13.     Plaintiff was diagnosed with an ankle sprain and was released to work with light duty restrictions.

14.     Plaintiff forwarded the above-referenced medical documentation to the City Police Department and requested light duty.

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

15.    Plaintiff was informed by the Assistant Chief of Police that Plaintiff's light duty request could not be accommodated because he was not hurt at work.

16.    Plaintiff exhausted his sick leave and subsequently requested and received leave under the Family and Medical Leave Act (FMLA) beginning February 23, 2014.

17.    On March 25, 2014, Plaintiff felt a sharp pain in his back and returned to Progress West Hospital. He was diagnosed with a blood clot that had travelled to his lungs, and was immediately placed on anticoagulation medication.

18.    Plaintiff's primary Physician is Dr. Christopher Normile and his Hematologist is Dr. Pascale A. Salem. Both doctors found it relevant that Plaintiff had a previous blood clot. Given this fact, Plaintiff was prescribed anticoagulation medication.

19.    Plaintiff's above-referenced physicians issued correspondence stating that due to medical reasons which include being on anticoagulation medications, Plaintiff could return to work as a police officer but only in a position that had a reduced risk of head injury, gunshot wound, or other serious injury.

20.    Plaintiff's treating physicians stated that detective work or desk duty would be adequately safe while Plaintiff was on blood thinning medications.

21.    A true and correct copy of the above-referenced correspondence from Dr. Normile and Dr. Salem are attached hereto, incorporated herein by reference and marked Exhibits A and B.

22.    The City has said this duty is not available.

23.    Plaintiff's FMLA leave expired on May 19, 2014 after 12 weeks (or 480 hours).

3

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

24.     Plaintiff spoke with Faye Betts, Human Resource Manager for the City, and informed her that he had a permanent disability as a result of the injury to his ankle and the fact that he was taking prescribed anticoagulation medication, and once again requested to be placed on light or modified duty.

25.     Ms. Betts told Plaintiff that he could not go on light duty since he was not hurt while at work.

26.     Plaintiff received a letter from Mr. Joshua W. Beeks, Acting City Manager, dated May 30, 2014, stating that "the City of Berkeley has met its obligation to preserve [Plaintiff's] position for twelve weeks as defined by the Family and Medical Leave Act.  As requested you have met with and discussed your employment with Chief McCall and have indicated that your medical status continued to require you to be off of work and unable to fully assume the duties and responsibilities of your position.  Because of your inability to fully perform the duties and responsibilities of your position, it is necessary to end your employment with the City of Berkeley.  The effective separation date for your employment will be May 30, 2014 and you will be considered as leaving in good standing."

27.     A true and correct copy of the above-referenced letter is attached hereto, incorporated herein by reference and marked Exhibit C.

28.     Plaintiff had acceptable to excellent employment reviews while working as a City of Berkeley Police Officer.

29.     Upon information and belief, the City has made medical-related accommodations in the past for other employees, all of whom were African American, but refused to do so for Plaintiff.

4

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

30.     For example, Michelle Merriweather is a detective for the City. She was originally hired as a patrol officer, but when she was diagnosed with Sickle Cell Anemia she was given a permanent detective position.

31.     In addition, Terrell Shumbert was hired as a patrol officer. When he was diagnosed with a heart condition he was allowed to become a City corrections officer.

32.     Pregnant African American police officers employed by the City have traditionally been allowed to work light duty.

33.     Upon information and belief, none of the similarly situated police officers who were provided reasonable accommodations by Defendant had taken FMLA leave.

34.     The City could have accommodated the restrictions imposed by Plaintiff's treating physicians, who felt full duty was risky medically since a blow to his head could be fatal while on blood thinners.

35.     For example, Plaintiff could have worked as a dispatcher or assumed booking duties for the Department.

36.     On or about July 22, 2014, Plaintiff initiated proceedings against Defendant with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC).

37.     A true and correct copy of the 2014 MCHR and EEOC Complaint is attached hereto, incorporated herein by reference, and marked Exhibit D.

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

38.     An EEOC mediation was scheduled to commence on January 21, 2015.  However, Plaintiff was notified by the mediator on January 15, 2015 that Defendant refused to mediate the matter.

39.     Plaintiff received a right-to-sue letter from the MCHR dated March 27, 2015.

40.     A true and correct copy of the March 27, 2015 MCHR Right-to-Sue Letter is attached hereto, incorporated herein by reference, and marked Exhibit E.

41.     On May 28, 2015, Plaintiff received a right-to-sue letter from the U.S. Department of Justice, Civil Rights Division related to his EEOC complaint.

42.     The letter stated that Plaintiff has "the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*., against the [City of Berkeley]".

43.     A true and correct copy of the May 28, 2015 EEOC Right-to-Sue Letter is attached hereto, incorporated herein by reference, and marked Exhibit F.

44.     On May 28, 2015, Plaintiff received a right-to-sue letter from the U.S. Department of Justice, Civil Rights Division related to his EEOC complaint.

45.     The letter stated that Plaintiff has "the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12111, *et seq*., against the [City of Berkeley]".

46.     A true and correct copy of the May 28, 2015 EEOC Right-to-Sue Letter is attached hereto, incorporated herein by reference, and marked Exhibit G.

## COUNT I – DISPARATE TREATMENT
## UNDER THE MISSOURI HUMAN RIGHTS ACT (RACE DISCRIMINATION)

47.     Plaintiff realleges and incorporates Paragraphs 1 through 46 by reference as if fully set forth herein.

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

48.    Defendant has, and at all times pertinent hereto had, more than 15 employees.

49.    Plaintiff requested reasonable accommodation for his injury as directed by his treating physician.

50.    Defendant refused to accommodate Plaintiff by reassigning him to another position within the Police Department.

51.    Plaintiff performed his job with Defendant satisfactorily and without complaint from the time he was hired in May 2008 until his injury in January 2014, and yet was not provided reasonable accommodations in light of the work restrictions imposed by his treating physician.

52.    Defendant refused to provide reasonable accommodations to Plaintiff in light of his injury and subsequent medical restrictions.

53.    Defendant provided reasonable accommodations to other similarly situated African American police officers.

54.    Plaintiff's employment was terminated on or about May 30, 2014, because Defendant refused to provide reasonable accommodations to Plaintiff in light of his disability and subsequent medical restrictions.

55.    Defendant refused to provide reasonable accommodations to Plaintiff, and ultimately fired Plaintiff, because of his race.

56.    Since his termination from employment with Defendant, Plaintiff has been unable to find work as a police officer.

7

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

WHEREFORE, Plaintiff prays this Court for judgment after jury trial for an amount exceeding $25,000.00, for punitive damages, for costs and attorneys' fees which might be rightfully recovered; and for such further relief as the Court deems just and appropriate.

## COUNT II – DISPARATE TREATMENT
## UNDER THE MISSOURI HUMAN RIGHTS ACT (DISABILITY DISCRIMINATION)

57.     Plaintiff realleges and incorporates Paragraphs 1 through 56 by reference as if fully set forth herein.

58.     Defendant has, and at all times pertinent hereto had, more than 15 employees.

59.     Plaintiff requested reasonable accommodation for his injury as directed by his treating physician.

60.     Defendant refused to accommodate Plaintiff by reassigning him to another position within the Police Department.

61.     Plaintiff performed his job with Defendant satisfactorily and without complaint from the time he was hired in May 2008 until his injury in January 2014, and yet was not provided reasonable accommodations in light of the work restrictions imposed by his treating physician.

62.     Defendant refused to provide reasonable accommodations to Plaintiff in light of his injury and subsequent medical restrictions.

63.     Defendant provided reasonable accommodations to other similarly situated African American police officers.

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

64.     Plaintiff's employment was terminated on or about May 30, 2014, because Defendant refused to provide reasonable accommodations to Plaintiff in light of his disability and subsequent medical restrictions.

65.     Defendant refused to provide reasonable accommodations to Plaintiff, and ultimately fired Plaintiff because of his disability.

66.     Since his termination from employment with Defendant, Plaintiff has been unable to find work as a police officer.

WHEREFORE, Plaintiff prays this Court for judgment after jury trial for an amount exceeding $25,000.00, for punitive damages, for costs and attorneys' fees which might be rightfully recovered; and for such further relief as the Court deems just and appropriate.

## COUNT III– FAILURE TO ACCOMODATE
## UNDER THE AMERICANS WITH DISABILITIES ACT

67.     Plaintiff realleges and incorporates Paragraphs 1 through 66 by reference as if fully set forth herein.

68.     Defendant has, and at all times pertinent hereto had, more than 15 employees.

69.     Plaintiff has a physical impairment that substantially limits his major life activities in that Plaintiff is subject to blood clots and, therefore, is prescribed anticoagulation medication.

70.     The above-referenced physical impairment has resulted in Plaintiff having a disability as defined by the ADA.

71.     There is a record of Plaintiff's disability and Defendant was aware of Plaintiff's disability.

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

72.     Plaintiff is qualified to perform the job-essential functions of a police officer with reasonable accommodations.

73.     Plaintiff requested reasonable accommodation for his disability as directed by his treating physicians.

74.     Plaintiff performed his job with Defendant satisfactorily and without complaint from the time he was hired in May 2008 until his injury in January 2014, and yet was not provided reasonable accommodations in light of the work restrictions imposed by his treating physician.

75.     Defendant refused to provide reasonable accommodations to Plaintiff in light of his disability and subsequent medical restrictions.

76.     Plaintiff's employment was terminated on or about May 30, 2014, because Defendant refused to provide reasonable accommodations to Plaintiff in light of his disability and subsequent medical restrictions.

WHEREFORE, Plaintiff prays this Court for judgment after jury trial for an amount exceeding $25,000.00, for punitive damages, for costs and attorneys' fees which might be rightfully recovered; and for such further relief as the Court deems just and appropriate.

## COUNT IV – DISPARATE TREATMENT
## UNDER THE AMERICANS WITH DISABILITIES ACT

77.     Plaintiff realleges and incorporates Paragraphs 1 through 76 by reference as if fully set forth herein.

78.     Defendant has, and at all times pertinent hereto had, more than 15 employees.

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

79.     Plaintiff has a physical impairment that substantially limits his major life activities in that Plaintiff is subject to blood clots and, therefore, is prescribed anticoagulation medication.

80.     There is a record of Plaintiff's physical impairment and Defendant was aware of Plaintiff's physical impairment.

81.     Plaintiff is qualified to perform the job-essential functions of a police officer with reasonable accommodations.

82.     Plaintiff requested reasonable accommodation for his physical impairment as directed by his treating physicians.

83.     Plaintiff performed his job with Defendant satisfactorily and without complaint from the time he was hired in May 2008 until his injury in January 2014, and yet was not provided reasonable accommodations in light of the work restrictions imposed by his treating physician.

84.     Defendant refused to provide reasonable accommodations to Plaintiff in light of his injury and subsequent medical restrictions.

85.     Defendant provided reasonable accommodations to other similarly situated African American police officers.

86.     Plaintiff's employment was terminated on or about May 30, 2014, because Defendant refused to provide reasonable accommodations to Plaintiff in light of his injury and subsequent medical restrictions.

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

WHEREFORE, Plaintiff prays this Court for judgment after jury trial for an amount exceeding $25,000.00, for punitive damages, for costs and attorneys' fees which might be rightfully recovered; and for such further relief as the Court deems just and appropriate.

## COUNT V – DISPARATE TREATMENT
## UNDER TITLE VII OF THE CIVIL RIGHTS ACT

87.     Plaintiff realleges and incorporates Paragraphs 1 through 86 by reference as if fully set forth herein.

88.     Defendant has, and at all times pertinent hereto had, more than 15 employees.

89.     Plaintiff requested reasonable accommodation for his injury as directed by his treating physician.

90.     Defendant refused to accommodate Plaintiff by reassigning him to another position within the Police Department.

91.     Plaintiff performed his job with Defendant satisfactorily and without complaint from the time he was hired in May 2008 until his injury in January 2014, and yet was not provided reasonable accommodations in light of the work restrictions imposed by his treating physician.

92.     Defendant refused to provide reasonable accommodations to Plaintiff in light of his injury and subsequent medical restrictions.

93.     Defendant provided reasonable accommodations to other similarly situated African American police officers.

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

94.     Plaintiff's employment was terminated on or about May 30, 2014, because Defendant refused to provide reasonable accommodations to Plaintiff in light of his injury and subsequent medical restrictions.

95.     Defendant refused to provide reasonable accommodations to Plaintiff, and ultimately fired Plaintiff, because of his race.

96.     Since his termination from employment with Defendant, Plaintiff has been unable to find work as a police officer.

WHEREFORE, Plaintiff prays this Court for judgment after jury trial for an amount exceeding $25,000.00, for punitive damages, for costs and attorneys' fees which might be rightfully recovered; and for such further relief as the Court deems just and appropriate.

## COUNT VI – RETALIATION
## UNDER THE FAMILY MEDICAL LEAVE ACT

97.     Plaintiff realleges and incorporates Paragraphs 1 through 96 by reference as if fully set forth herein.

98.     Plaintiff requested and received leave under the FMLA for his own serious health condition beginning February 23, 2014.

99.     Plaintiff's FMLA leave expired on May 19, 2014 after 12 weeks (or 480 hours).

100.    Plaintiff requested reasonable accommodation for his injury as directed by his treating physician.

101.    Defendant refused to accommodate Plaintiff by reassigning him to another position within the Police Department.

Electronically Filed - St. Louis County - June 19, 2015 - 03:20 PM

102.    Defendant provided reasonable accommodations to other similarly situated police officers, none of whom had taken FMLA leave.

103.    Plaintiff's employment was terminated on or about May 30, 2014, because defendant refused to provide reasonable accommodations to Plaintiff in light of his injury and subsequent medical restrictions.

104.    Defendant retaliated against Plaintiff for taking leave protected under the FMLA.

105.    Since his termination from employment with Defendant, Plaintiff has been unable to find work as a police officer.

WHEREFORE, Plaintiff prays this Court for judgment after jury trial for an amount exceeding $25,000.00, for punitive damages, for costs and attorneys' fees which might be rightfully recovered; and for such further relief as the Court deems just and appropriate.

Respectfully Submitted,

Kodner Watkins & Kloecker, LC

By: _____
ALBERT S. WATKINS, #34553
ROBERT C. SEIPP, #59339
Attorneys for Defendant
The Bank of America Building
7800 Forsyth Blvd., Suite 700
St. Louis, Missouri 63105
(314) 727-9111
(314) 727-9110 Facsimile
E-Mail:  albertswatkins@kwklaw.net
          rseipp@kwklaw.net

EXHIBIT

A

15SL-CC02097

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM



MERCY CLINIC FAMILY MEDICINE - ZUMBEHL
SUITE 130A
1820 Zumbehl Rd, Ste 130a
Saint Charles MO 63303-2761
Dept: 636-947-2334
Dept Fax: 636-940-5739

4/9/2014

RE: Richard A Daleen

To Whom It May Concern:

Due to medical reasons, Richard A Daleen will require anticoagulation medications for at least the next 3 months.  It is my opinion that he may return to work as a police officer only in a position that is at reduced risk for head injury, gunshot wounds etc, than his current position as a patrol officer.  Detective work or desk work would be adequately safe in my opinion.

Sincerely,

Christopher Normile, MD

1



15SL-CC02097

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

SSM Cancer Care

**SSM CANCER CARE NORTH LAKE ST LOUIS**
400 Medical Plaza
Ste 100
Lake St Louis MO 63367
636-639-8600

8/1/2014

RE:   Richard A Daleen
        940 Annabrook Park Dr
        O Fallon MO 63366-2967

**Pascale A Salem, MD**
SSM HealthCare

To Whom It May Concern,

Richard A Daleen is currently under my care for anticoagulation until further notice.

Due to medical reasons which include being on anticoagulation medications, Richard A Daleen may return to work in the roll as a police officer but only in a position that is in a reduce risk of head injury, gun shot wound, etc.   This would include a position that is less risky than his current position as a police officer.  A detective or desk work would be safer while on blood thinning medications.

Sincerely,

Rachel A. Allmon, RN

**Pascale A Salem, MD**

Richard A Daleen  8/26/1968

THROUGH OUR EXCEPTIONAL HEALTH CARE SERVICES, WE REVEAL THE HEALING PRESENCE OF GOD

Page 1 of 1



15SL-CC02097

Electronically Filed - St. Louis County - June 19, 2015 - 03:20 PM

8425 Airport Road          Berkeley, Missouri 63134-2098          314 524-3313

May 30, 2014

Richard Daleen
940 Annabrook Park Dr
O'Fallon, MO 63366

Re: EMPLOYMENT STATUS

Dear Mr. Daleen,

This letter is to notify you of your employment status with the City of Berkeley.  As of February 23, 2014 you have requested and received Family and Medical Leave for 12 weeks (or 480 hours) effective through May 19, 2014. This leave period included the balance of you vacation and sick leave, which were applied to your leave as well as all leave that has been earned during this time period

City of Berkeley Personnel Handbook, Section 9.02 Family and Medical Leave policy states "Once the twelve (12) work week FMLA time frame has been exhausted in the year the employee will no longer be entitled to benefits provided under FMLA for the absence."

The City of Berkeley has met its obligation to preserve your position for twelve weeks as defined by the Family and Medical Leave Act. As requested you have met with and discussed your employment with Chief McCall and have indicated that your medical status continues to require you to be off of work and unable to fully assume the duties and responsibilities of your position.  Because of your inability to fully perform the duties and responsibilities of your position, it is necessary to end your employment with the City of Berkeley. The effective separation date for your employment will be May 30, 2014 and you will  be considered as leaving in good standing. Should your circumstances change and you return to a physical status that would allow you to fully perform the duties of Patrol Officer, you would be eligible to reapply for future vacancies with the city of Berkeley.

All City of Berkeley equipment including uniforms must be returned to Frank McCall, Police Chief.

Respectfully submitted

Joshua W. Beeks, Acting City Manager

cc:     Frank McCall, Police Chief
        Faye Betts, Human Resource Manager

15SL-CC02097

**CHARGE OF DISCRIMINATION**

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | **Perfected** |
| ☒ EEOC | **560-2014-01383** |

**Missouri Commission On Human Rights** and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Richard A. Daleen** | **(314) 910-0316** | **08-26-1968** |

| Street Address | City, State and ZIP Code |
|---|---|
| **940 Annabrook Park Drive** | **O Fallon, MO 63366** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **CITY OF BERKELEY POLICE DEPT** | **101 - 200** | **(314) 524-3313** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5850 North Hanley** | **Saint Louis, MO 63134** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **02-04-2014** | **05-30-2014** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the above named employer May 28, 2008, as a Police Officer. I was under the supervision of Chief McCall who is a black male.

On January 31, 2014, I suffered a severe injury to my ankle when I slipped and fell on ice. On February 3, 2014, I contacted my employer and informed them of the injury and I was immediately put on sick leave. On February 4, 2014, I saw an orthopedic doctor who released me to work with light duty restrictions. I faxed my medical documentation into my employer in which a light duty restriction was requested. I was told by the Assistant Chief of Police that I could not be accommodated because I was not hurt at work. I exhausted all my leave and on February 24, 2014, I went on f FMLA until May 19, 2014 when it expired. I spoke with Faye Betts of H. R. and informed her that I had a permanent disability as a result of the injury to my ankle and I requested light duty once again and I was told that I couldn't go on light duty because I was not hurt at work. On June 2, 2014, I received a letter from my employer which said if my condition hadn't changed or if I didn't return to full duty within (30) days, I would be terminated. I have been treated differently from the black employees in my category. Michelle Merriweather and Terrell Shumpert have both been accommodated for a disability related issue and I was denied.

I believe I have been discriminated against because of my race white and due to my disability in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act (ADA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X _____ Date | X _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**EXHIBIT**

D

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

MISSOU     EPARTMENT OF LABOR AND INDUSTRIAL     ATIONS  **15SL-CC02097**

# MISSOURI COMMISSION ON HUMAN RIGHTS

JEREMIAH W. (JAY) NIXON
GOVERNOR

RYAN MCKENNA
DEPARTMENT DIRECTOR

SARA NELL LAMPE
COMMISSION CHAIRPERSON

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

FE-7/14-21913

Richard A. Daleen
940 Annabrook Park Drive
O'Fallon, MO 63366

**EXHIBIT**
*E*

RE:  Daleen vs. City of Berkeley Police Dept.
FE-7/14-21913   560-2014-01383

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. This complaint was being initially processed by the EEOC and MCHR has not been notified of their determination. **Please note that administrative processing of this complaint, including determinations of jurisdiction, has not been completed.**

Respectfully,

Alisa Warren, Ph.D.
Executive Director

<u>March 27, 2015</u>
Date

City of Berkeley Police Dept.
5850 North Hanley
St. Louis, MO 63134

D. Andrew Weigley
7800 Forsyth, Suite 700
Clayton, MO 63105
*Via email*

☒
3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐
P.O. BOX 1300
OZARK, MO 65721-1300
FAX: 417-485-6024

☐
1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

☐
106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

**15SL-CC02097**

F



U.S. Department of Justice
Civil Rights Division

CERTIFIED MAIL
7010 0290 0000 2016 4055

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

May 19, 2015

Mr. Richard A. Daleen
c/o D. Andrew Weigley, Esquire
Law Offices of Kodner, Watkins, et al.
7800 Forsyth Blvd.
7th Floor
St. Louis, MO  63105

Re:  EEOC Charge Against City of Berkeley Police Dept.
   No. 560201401383

Dear Mr. Daleen:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC St. Louis District Office, St Louis, MO.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                    Sincerely,

                    Vanita Gupta
                    Principal Deputy Assistant Attorney General
                    Civil Rights Division

                    by   *Karen L. Ferguson*
                    Karen L. Ferguson
                    Supervisory Civil Rights Analyst
                    Employment Litigation Section

cc: St. Louis District Office, EEOC
   City of Berkeley Police Dept.

Electronically Filed - St Louis County - June 19, 2015 - 03:20 PM

**15SL-CC02097**



U.S. Department of Justice
Civil Rights Division

CERTIFIED MAIL                                           *950 Pennsylvania Avenue, N.W.*
7010 0290 0000 2016 4055                                 *Karen Ferguson , EMP, PHB, Room 4239*
                                                         *Washington, DC 20530*

                                                         May 19, 2015

Mr. Richard A. Daleen
c/o D. Andrew Weigley, Esquire
Law Offices of Kodner, Watkins, et al.
7800 Forsyth Blvd.
7th Floor
St. Louis, MO  63105

Re:  EEOC Charge Against City of Berkeley Police Dept.
     No. 560201401383

Dear Mr. Daleen:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title 1 of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC St. Louis District Office, St Louis, MO.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Vanita Gupta
                    Principal Deputy Assistant Attorney General
                         Civil Rights Division

                         by  *Karen L. Ferguson*
                             Karen L. Ferguson
                       Supervisory Civil Rights Analyst
                       Employment Litigation Section

cc: St. Louis District Office, EEOC
    City of Berkeley Police Dept.



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>TOM W DE PRIEST JR | Case Number:  15SL-CC02097 | |
|---|---|---|
| Plaintiff/Petitioner:<br>RICHARD DALEEN | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT CARL SEIPP<br>SUITE 700<br>7800 FORSYTH BLVD.<br>CLAYTON, MO  63105 | **SHERIFF FEE<br>PAID** |
| vs. | | |
| Defendant/Respondent:<br>CITY OF BERKELEY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  CITY OF BERKELEY
                                              Alias:

CITY CLERK
CITY OF BERKELEY
8425 AIRPORT ROAD
BERKELEY, MO  63134

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>23-JUN-2015</u>
Date
Further Information:
KAM

_____
Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
      Printed Name of Sheriff or Server                            Signature of Sheriff or Server
                    **Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*          Subscribed and sworn to before me on _____ (date).
                  My commission expires: _____          _____
                                                        Date                                          Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* Document ID# 15-SMCC-4818      1      (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                                      54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-4818**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-4818**    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

*[handwritten annotations: "U44-100   UC Kathy Davis   7-2015 (Divi) 2:50pm   Return SPS 7/23"]*

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>TOM W DE PRIEST JR | Case Number: 15SL-CC02097 |
|---|---|
| Plaintiff/Petitioner:<br>RICHARD DALEEN | Plaintiff's/Petitioner's Attorney/Address<br>ROBERT CARL SEIPP<br>SUITE 700<br>7800 FORSYTH BLVD.<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>CITY OF BERKELEY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

vs.

**SHERIFF FEE PAID**

### Summons in Civil Case

**The State of Missouri to:  CITY OF BERKELEY**

Alias:

CITY CLERK
CITY OF BERKELEY
8425 AIRPORT ROAD
BERKELEY, MO 63134

*8 WHITG* (handwritten)

**FILED**

**JUL 23 2015**

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>23-JUN-2015</u>
Date

Further Information:
KAM

_____ Clerk

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to *Kathy Davis* (name) *Director* (title).

☐ other _____

Served at *8425 Airport* (address)

in *St Louis* (County/City of St. Louis), MO, on *7-20-15.* (date) at *2:50pm* (time).

*Jim Buckles*
Printed Name of Sheriff or Server

*Dina Pope*
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of [suits?] see Supreme Court Rule 54.

*[handwritten: 7/15/15]*