UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD DALEEN,         )<br>                                 )<br>    Plaintiff,              )<br>                                 )<br>        vs.                   )<br>                                 )<br>CITY OF BERKELY,         )<br>                                 )<br>    Defendant.            ) | Case No. 4:15CV01266 AGF |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Plaintiff's motion to strike Defendant's affirmative defenses. For the reasons set forth below, the motion shall be denied. Plaintiff, a former police officer for the City of Berkely, Missouri, claims that the City's refusal to provide him with a light-duty job after he was injured, and its eventual termination of his employment, constituted race and disability discrimination under the Missouri Human Rights Act, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act, as well as retaliation under the Family Medical Leave Act. He seeks actual and punitive damages, and attorney's fees.

In its answer, Defendant raised numerous affirmative defenses, including that the complaint fails to state a claim upon which relief may be granted; the request for punitive damages cannot stand, especially with respect to the ADA and Title VII claims; Defendant is immune from suit because the alleged injury-causing acts were discretionary in nature; Plaintiff failed to mitigate damages; Plaintiff was an at-will employee, and so the complaint fails to state a claim; the decision to terminate Plaintiff's employment was based on

legitimate non-discriminatory reasons; and Plaintiff's request for light duty was unreasonable.

Plaintiff argues that Defendant's affirmative defenses should be stricken because they do not meet the "plausibility" standard applicable for stating a claim for relief, but rather only assert labels and conclusions. Courts in this District, however, have rejected this standard with respect to affirmative defenses. *See, e.g., Herbst v. Ressler & Assocs., Inc.*, No. 4:13-CV-2327 CAS, 2014 WL 4205294, at *8 (E.D. Mo. Aug. 22, 2014) ("Under Rule 8, the pleader of an affirmative defense need only 'state' the defense, but need not 'show' anything in order to survive a motion to strike.") (citation omitted); *CitiMortgage, Inc. v. Draper & Kramer Mortg. Corp.*, 4:10–CV–1784 FRB, 2012 WL 3984497, at *3 (E.D. Mo. Sept. 11, 2012). This Court will follow these decisions, as it did in *United States ex rel. Health Dimensions Rehabilitation, Inc. v. RehabCare Group, Inc.*, No. 4:12CV00848 AGF, 2013 WL 2182343, at *1 (E.D. Mo. May 20, 2013).

Furthermore, "a motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Fluid Control Prods., Inc. v. Aeromotive, Inc.*, No. 4:09-CV-1667 CAS, 2010 WL 427765, at *2 (E.D. Mo. Feb. 1, 2010) (citation omitted). Here, Plaintiff has made no showing of prejudice or confusion of the issues by inclusion of the affirmative defenses at issue in Defendant's answer.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike Defendant's

affirmative defenses is **DENIED**. (Doc. No. 8.)

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2015.